# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 11, 2026

Lyle W. Cayce
Clerk

No. 25-50718
Summary Calendar

Jason Wayne McBride,

*Petitioner—Appellant*,

*versus*

Eric Guerrero, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-401

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Jason Wayne McBride, Texas prisoner # 02139484, was convicted of continuous violence against the family, assault family violence by impeding breath or circulation, aggravated assault with a deadly weapon, repeated violations of bond conditions, and evading arrest with a previous conviction. In 2020, McBride filed a 28 U.S.C. § 2254 application, which the district

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court ultimately dismissed. This court denied a certificate of appealability. *See McBride v. Lumpkin*, No. 22-50238 (5th Cir. Oct. 20, 2022).

In 2025, McBride moved the district court to purchase copies of certain documents from the record. In sum, he sought medical records related to allegations and testimony that he had broken the victim's nose on one or more occasions. The district court construed this motion as requesting the court to search the record for such documents and it noted that McBride had no pending proceedings. Therefore, it denied the motion. McBride now appeals.

As an initial matter, McBride has filed a motion for judicial notice of several prior pleadings submitted by respondent. As these pleadings are already in the record, and the remainder of this motion repeats the arguments in his brief, we deny this motion.

When McBride filed his motion for copies of medical records, no § 2254 application or other action was pending before the district court. Because there was no live action, the district court had no basis to consider or grant his motion for copies of records without cost under 28 U.S.C. § 2250. *See United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993); *Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970). However, to the extent McBride wishes to purchase copies of specific records or exhibits, he may do so by directing an inquiry to the district court clerk.

The district court did not err in denying McBride's motion, and his appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

APPEAL DISMISSED; MOTION DENIED.